UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA


| ROGER GARTIN, | ) | |
|---|---|---|
| Plaintiff, | ) | 3:09-cv-00117 JWS |
| vs. | ) | ORDER AND OPINION |
| CORRECTIONS CORPORATION OF AMERICA, | ) | [Re: Motion at Docket 14] |
| Defendant. | ) | |

## I. MOTION PRESENTED

At docket 14, plaintiff Roger Gartin moves the court for an order remanding this action to state court. At docket 15, defendant Corrections Corporation of America opposes the motion. Plaintiff did not file a reply. Oral argument was not requested, and it would not assist the court.

## II. BACKGROUND

Roger Gartin is an Alaska inmate, who was formerly held at Central Arizona Detention Center, Florence Correctional Center, and Red Rock Correctional Center in Arizona. All three facilities are owed and operated by the Corrections Corporation of America ("CCA"), a private company which houses Alaska inmates under a professional services contract with the Alaska Department of Corrections ("DOC").[1] Article 11 of the contract provides, "This contract is governed by the laws of the State of Alaska. All

---

[1] CCA is a Maryland corporation with its principal place of business located in Nashville, Tennessee.

actions concerning this contract shall be brought in the Superior Court of the State of Alaska."[2]  On January 4, 2008, the professional services contract between CCA and DOC was amended to add the following section:

> Article 15.  No Third Party Benefit - This Contract shall benefit and burden the parties hereto in accordance with its terms and conditions and is not intended, and shall not be deemed or construed, to confer any rights, powers, benefits, or privileges on any person or entity other than the parties to this Contract.  This Contract is not intended to create any rights, benefits, liberty interests, or entitlements in favor of any DOC Offender.  The Contract is intended only to set forth the contractual rights and responsibilities of the Contract parties.[3]

On April 23, 2009, Mr. Gartin, who is *pro se*, filed a "medical complaint" against CCA in the Superior Court for the State of Alaska, Third Judicial District at Anchorage.[4] Gartin's complaint alleges violations of the "Fifth, Eighth and Fourteenth Amendments of the United States Constitution and Article 1, § 1, 3, and 7, of the Constitution of the State of Alaska, and the contract that the State of Alaska and [CCA], entered into for the housing of Alaskan prisoners in facilities in the State of Arizona."[5]  In his complaint, Gartin specifically alleges that while he was incarcerated at correctional facilities operated by CCA, CCA employees discontinued his medications, causing him mental and physical suffering.

On June 9, 2009, CCA removed this action to federal court pursuant to 28 U.S.C. § 1441(b).  Mr. Gartin timely filed a motion requesting the court to remand this action to Alaska Superior Court based on the forum selection clause in the professional services contract between CCA and the State of Alaska.

This court has original jurisdiction over this action under 28 U.S.C. § 1331 because the complaint alleges violations of the United State Constitution.  This court has diversity jurisdiction of this action pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds $75,000 and is between citizens of different states.

---

[2]Doc. 15, exh. 1 at p. 3.

[3]Doc. 15, exh. 2 at p. 1.

[4]Case No. 3AN-09-06905 CI

[5]Doc. 1, exh. A at p. 1.

### III.  STANDARD OF REVIEW

Removal of a case from state to federal court is a question of federal subject matter jurisdiction.[6]  The burden of establishing removal jurisdiction is on the proponent of federal jurisdiction.[7]  The removal statute is strictly construed against removal to protect the jurisdiction of state courts.[8]

### IV.  DISCUSSION

In his motion to remand to state court, Mr. Gartin does not dispute that this court has federal subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1332(a).  Rather, Mr. Gartin requests the court to remand this action to Alaska Superior Court based on the forum selection clause in the professional services contract between CCA and the State of Alaska.  Mr. Gartin specifically argues that he is a third-party beneficiary of the contract between CCA and the State, CCA breached the terms of the contract, and the contract provides that "[all] actions concerning this contract shall be brought in the Superior Court of the State of Alaska."[9]  CCA opposes the motion on the grounds that the forum selection clause does not apply to this action because Mr. Gartin is not a party to, nor a third-party beneficiary of, the contract between CCA and the State.

In support of his argument that he is a third-party beneficiary, Mr. Gartin cites *Rathke v. Corrections Corporation of America*.[10]  In *Rathke*, an Alaska inmate filed suit against CCA, alleging that he had served 30 days in segregation because of a false positive on a prison drug test.  Rathke claimed that CCA breached provisions of its contract with the State of Alaska and that he was an intended third-party beneficiary of

---

[6] *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 (9th Cir. 1988).

[7] *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007).

[8] *See, e.g., Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108-09 (1941); *Gaus. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992).

[9] Doc. 15, exh. 1 at p. 3.

[10] 153 P.3d 303 (9th Cir. 2007).

the contract "by virtue of the [*Cleary v. Smith* final settlement agreement][11] and its incorporation into the state's contract with CCA."[12] The Alaska Supreme Court held that given the identity of certain provisions between the Cleary final settlement agreement ["FSA"] and the contract between CCA and the State, "prisoners are intended third-party beneficiaries of the portions of the contract which are taken directly from the FSA."[13]

As CCA points out, this action is distinguishable from *Rathke* because in *Rathke* the Alaska Supreme Court based its decision on the "identity of provisions between the FSA and the state/CCA contract."[14] Moreover, unlike the contract in *Rathke* in which it was not clear whether CCA and the State of Alaska intended prisoners to be third-party beneficiaries of the contract at issue, here Article 15 of the contract explicitly states that the contract "is not intended, and shall not be deemed or construed, to confer any rights, powers, benefits, or privileges on any person or entity other than the parties to this Contract. This Contract is not intended to create any rights, benefits, liberty interests, or entitlements in favor of any DOC Offender." [15]

Because Mr. Gartin is neither a party to the contract, nor a third-party beneficiary of the contract, the forum selection provision of the contract does not apply to his claims. Accordingly, because this court has subject matter jurisdiction over this action based on diversity and federal question jurisdiction, the court will deny Mr. Gartin's motion for remand.

---

[11]The *Cleary* final settlement agreement settled a class action by Alaska state prisoners challenging conditions in state prisons. *Cleary v. Smith*, No. 3AN-81-5274.

[12]*Rathke*, 153 P.3d at 310.

[13]*Id.* at 311.

[14]*Id.*

[15]Doc. 15, exh. 2 at p. 1.

-4-

## V. CONCLUSION

For the reasons set out above, plaintiff's motion to remand to state court at docket 14 is **DENIED**.

DATED at Anchorage, Alaska, this 12th day of August 2009.

                                              /s/ JOHN W. SEDWICK
                                       UNITED STATES DISTRICT JUDGE